IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD "EDDIE" OKENICA | Criminal Action No.<br><br>1:20-CR-016 |

**Consent Motion to Transfer Divisions**

The United States of America, by Byung J. Pak, United States Attorney, and Alex R. Sistla and Erin E. Sanders, Assistant United States Attorneys for the Northern District of Georgia, respectfully request, pursuant to the Northern District of Georgia Local Rule of Criminal Procedure 18.1(A) (LCrR 18.1(A)), the above-captioned matter be transferred from the Atlanta Division to the Gainesville Division for the following reasons:

1. On August 12, 2019, a criminal complaint was issued against Mr. Okenica charging him with production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and coercion and enticement of minor, in violation of 18 U.S.C. § 2422(b). (Doc. 1).

2. Mr. Okenica was arrested in connection with those charges on August 14, 2019. (Doc. 10). As detailed in the criminal complaint, the conduct

2

underlying Mr. Okenica's charges occurred in Forsyth County, Georgia. (Doc. 1).

3. On January 23, 2020, Mr. Okenica made his initial appearance and was arraigned before the Honorable Catherine M. Salinas, United States Magistrate Judge for the Northern District of Georgia, on a criminal Information in the above-captioned case charging him with eleven counts of production of child pornography, in violation of 18 U.S.C. § 2251(a). (Docs. 27, 29). The conduct underlying these charges also occurred in Forsyth County. On that same day, Mr. Okenica also waived his right to a criminal indictment. (Doc. 28).

4. After the filing and docketing of the criminal Information in this case, the undersigned Assistant United States Attorneys recognized that the Information was incorrectly captioned for the Atlanta Division of the Northern District of Georgia. Because the conduct underlying the charges occurred in Forsyth County, the Information should have been filed and docketed in the Gainesville Division of the Northern District of Georgia. *See* LCrR 18.1(A) NDGA; http://www.gand.uscourts.gov/court-information.

3

5. Although a defendant does not have a constitutional right to be tried in a particular division within a district,[1] had the government noticed the oversight before filing the Information, this case would have been originally, and correctly, docketed as a Gainesville Division case. To correct this oversight, the government respectfully requests the case be transferred to the Gainesville Division, and, if necessary: (i) be assigned a new criminal action number to properly reflect that it should have been filed in the Gainesville Division; and (ii) re-assigned to a district court judge responsible for the Gainesville Division.
6. Government counsel has communicated with Mr. Okenica's counsel, Douglas Fox, about this motion, and Mr. Fox consents.

WHEREFORE, the government respectfully moves this Court for entry of an order transferring this matter from the Atlanta Division to Gainesville Division of the Northern District of Georgia.

---

[1] *United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984) ("there is no constitutional right to trial within a division. A division of a federal judicial district is not a unit of venue in criminal cases.") (citations omitted).

4

Respectfully submitted, this 4th day of February, 2020.

                    Byung J. Pak
                      *United States Attorney*


                    /s/Alex R. Sistla
                      *Assistant United States Attorney*
                    Georgia Bar No. 845602


                    /s/Erin E. Sanders
                      *Assistant United States Attorney*
                    Georgia Bar No. 552091