## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) ) Case Number:  2:20-CR-0007-SCJ ) USM Number:  72605-019 |
| EDWARD "EDDIE" OKENICA | ) ) |
| | ) Douglas Fox ) Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count(s) 1 -11.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of Children | September 28, 2018 | 1 - 11 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

September 11, 2020
Date of Imposition of Judgment

s/Steve C. Jones
Signature of Judge

STEVE C. JONES, U. S. DISTRICT JUDGE
Name and Title of Judge

September 24, 2020
Date

DEFENDANT:   EDWARD "EDDIE" OKENICA
CASE NUMBER:   2:20-CR-0007-SCJ

Judgment -- Page **2** of **8**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **THREE HUNDRED THIRTY-SIX (336) MONTHS.**

The court makes the following recommendations to the Bureau of Prisons:  that Defendant be designated to an appropriate correctional facility in Marianna, FL for service of sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: EDWARD "EDDIE" OKENICA  
CASE NUMBER: 2:20-CR-0007-SCJ                                                              Judgment -- Page **3** of **8**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **LIFE.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   EDWARD "EDDIE" OKENICA
CASE NUMBER:  2:20-CR-0007-SCJ                                                                                       Judgment -- Page **4** of **8**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.


**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.


Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

DEFENDANT:   EDWARD "EDDIE" OKENICA
CASE NUMBER:  2:20-CR-0007-SCJ                                                                                         Judgment -- Page **5** of **8**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must disclose all locations where you receive mail to your probation officer.

You must disclose the location of any storage facilities and / or buildings to which you have access.

You must participate in a mental health treatment program and follow the rules and regulations of that program. Such program may require that you submit to an evaluation and / or testing. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

You must take all mental health medication prescribed by your treating provider. You must pay for all or part of the costs of medication based on your ability to pay unless excused by the probation officer.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must actively participate in a sex offense specific evaluation at a program approved by the U.S. Probation Office.  You must pay all or part of the costs of the evaluation based on your ability to pay unless excused by the probation officer.

You must participate in a sex offense specific treatment program and follow the rules and regulations of the program. The program must be approved by the U.S. Probation Office.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

To monitor compliance with the conditions of supervision and treatment program requirements, you must submit to periodic polygraph examination at the discretion of the probation officer. The examiner must be approved by the U.S. Probation Office.  You must pay all or part of the costs of the polygraph examination based on your ability to pay unless excused by the probation officer.

You must not possess children's clothing, toys, and / or games, without the approval of your probation officer.

You will have no contact, whether directly in person or indirectly through any means of communication, with any child under the age of 18, including / not including, your own child, nor with any person unable to give consent due to mental or emotional limitations unless you have permission from your probation officer. If you do have incidental contact with any child under the age of 18, including / not including, your own child, or with any person

DEFENDANT:   EDWARD "EDDIE" OKENICA
CASE NUMBER:  2:20-CR-0007-SCJ                                                                                           Judgment -- Page **6** of **8**

unable to give consent due to mental or emotional limitations you shall immediately remove yourself from the situation.  You must report any such contact to the probation officer within 24 hours and submit a written description of the incident to the probation officer within 72 hours.

You must not date or marry anyone who has children under the age of 18 unless you have obtained permission from the probation officer.

You must not associate or correspond with any known sex offender except in an approved treatment program setting unless you have obtained permission from the probation officer.

You are prohibited from engaging in any occupation, business, profession, or volunteer work where you have access to children under the age of 18 without prior written approval from the probation officer.

You must not patronize any adult entertainment establishments or adult toy /novelty shops.

You must not travel to or remain at any place where you know children under the age of 18 are likely to congregate, including parks, schools, arcades, playgrounds, and childcare facilities without first obtaining the permission of the probation officer.

You must not travel to or remain at a place for the primary purpose of observing or contacting children under the age of 18.

You must not travel to or remain at any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

Pursuant to 18 U.S.C. §§ 3563(b)(23) or 3583(d)(3), and because you are a felon and required to register under the Sex Offender Registration and Notification Act, you must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions.

You must participate in an alcohol and / or other substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.) You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not obstruct, attempt to obstruct, or tamper with any testing methods. You must pay all or part of the costs of testing based on your ability to pay unless excused by the probation officer.

You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

You must not use or possess alcohol.

DEFENDANT:   EDWARD "EDDIE" OKENICA
CASE NUMBER:  2:20-CR-0007-SCJ                                                                                             Judgment -- Page **7** of **8**

You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photogram, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct: (as defined in 18 U.S.C. § 2256).

You must not communicate, or otherwise interact, with any of your victim(s) either indirectly or directly, or through someone else, without first obtaining permission of the probation officer.

DEFENDANT: EDWARD "EDDIE" OKENICA
CASE NUMBER: 2:20-CR-0007-SCJ                                                                 Judgment -- Page **8** of **8**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

<u>Special Assessment</u>

TOTAL         $1,100.00

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# FORFEITURE

It is hereby **ORDERED** that all of the Defendant's right, title and interest in the property identified in the Consent Preliminary Order of Forfeiture dated September 24, 2020 (attached), which is hereby incorporated by reference, is forfeited.